**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **TAMMY MARIE WALL, SPECIAL ADMINISTRATRIX OF THE ESTATE OF GEORGE THOMAS ADAMSON, III, DECEASED** | § § § § § § § | |
| *Plaintiff* | § § | |
| VS. | § § | **Case No: 4:22-cv-04061-SOH** |
| **MELTON TRUCK LINES, INC.; RED LINE LOGISTICS INC.; COLONIAL FREIGHT SYSTEMS, INC.; GLIDE LOGISTICS, INC.; 4D TRANSPORTATION, INC.; RYDER TRUCK RENTAL, INC.; S&S LOGISTIC LLC; SUNNIE MICHELLE BUTCHER, SPECIAL ADMINISTRATRIX OF THE ESTATE OF HORACE L. BUTCHER, JR., DECEASED; OSCAR GONZALEZ; SONIC TRANS, INC.; MUNIR TRUCKING & TRANSPORT, INCORPORATED; RR TRANS SYSTEMS INC.; IMPAVID TRUCK LINES LLC; GILSTER-MARY LEE CORPORATION and ULLOAS TRANSPORT, LLC** | § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § § | |

## COMPLAINT

Comes now the plaintiff, Tammy Marie Wall, Special Administratrix of the Estate of George Thomas Adamson, III, deceased, by and through her attorney, Jim R. Jackson, and for her cause of action against the defendants, states:

### I. STATEMENT OF JURISDICTION AND VENUE

1.    This Court has original jurisdiction over this matter based on 28 U.S.C. § 1332(a) - Diversity of Citizenship. The plaintiff is a citizen of the state of Arkansas, and

certain defendants are citizens of other states. The plaintiff's damages exceed the amount required for jurisdiction in diversity of citizenship cases.

2.     Venue is proper and maintainable in the Western District of Arkansas since the site of the tortious conduct was in Hot Spring County, Arkansas, and the decedent was a resident of Hempstead County, Arkansas.

## II. PARTIES TO THE CLAIM

3.     The plaintiff, Tammy Marie Wall, was appointed Special Administratrix of the estate in an Order dated July 8, 2022, in a matter styled, *In the Matter of the Estate of George Thomas Adamson, III, deceased*, Hempstead County Circuit Court, Probate Division, No. 29PR-2022-091.   George Thomas Adamson, III, was a long time resident of Hempstead County, Arkansas.

4.     Melton Truck Lines, Inc., is a for-profit corporation in good standing domiciled in the State of Oklahoma. Its registered agent of service is Michael Dargel, and he can be served at 808 N. 161st E Avenue, Tulsa, OK 74116.

5.     Red Line Logistics Inc. is a for-profit corporation in good standing domiciled in the State of Michigan. Its registered agent of service is: Mr. Aldin Penava, 13810 Lakeside Circle, Sterling Heights, MI 48313. Its registered agent's mailing address is 12860 Fourteen Mile Road, Warren, MI 48088.

6.     Colonial Freight Systems, Inc., is a for-profit corporation domiciled in the State of Tennessee. Its registered agent of service is: Ruby McBride, 10924 McBride Lane, Knoxville, TN 37932-3221.

7.     Glide Logistics Inc. is a for-profit corporation domiciled in the State of Illinois. Its registered agent of service is: Alina Nastas, 1326 E. 159th Street, Lockport, IL 60441.

8.      4D Transportation, Inc., is a domestic for-profit corporation domiciled in the State of Arkansas. Its registered agent of service is: Mr. Tim Daniels, 158 Moorman Road, Amity, AR 71921.

9.      Ryder Truck Rental, Inc., is a foreign for-profit corporation with a foreign address of 11690 NW. 105th Street, LA W4 West, Miami, FL 33178. The registered agent of service for Ryder Truck Rental Inc., is: Corporation Creations Network Inc., 609 SW. 8th Street, #600, Bentonville, AR 72712.

10.     S&S Logistic LLC is a domestic limited liability company domiciled in the State of Ohio. Its registered agent of service is: Mr. Manjeet Singh, 5900 Roche Drive, Suite LL-9, Columbus, OH 43229.

11.     Sunnie Michelle Butcher was appointed Special Administratrix of the Estate of Horace L Butcher, Jr., deceased, in an order by The Honorable Robert Herzfeld dated June 30, 2022, in a matter styled, *In the Matter of the Estate of Horace Lafayette Butcher, Junior, deceased*, Saline County Circuit Court No. 63PR-22-393. Ms. Butcher can be served at 2001 Reservoir Road, #312, Little Rock, AR 72227, pursuant to Ark. Code Ann. § 16-58-121.

12.     Oscar Gonzales is a commercial truck driver who is a resident of the State of Texas. Mr. Gonzales can be served at 804 East Kearney Street, Laredo, TX 78040.

13.     Sonic Trans, Inc., is a domestic corporation domiciled in the State of Illinois. Its registered agent of service is: Justyna Wojtach, 1327 N. Illinois Avenue, Arlington Heights, IL 60004.

14.     Munir Trucking & Transport, Incorporated, is a corporation domiciled in the State of Texas. Its registered agent of service is: Mr. Munir A. Atala, 7128 Village Way, #812, Houston, TX 77087.

15.     RR Trans Systems Inc. is a corporation domiciled in the State of Illinois. Its registered agent of service is Mr. Vladislav Tsvetkov, 103 Jonquil Court, Rolling Meadows, IL 60008.

16.     Impavid Truck Lines LLC is a corporation domiciled in the State of Texas. Its registered agent of service is: Quiterio Mendoza, 920 NE 6th Street, Dumas, TX 79029.

17.     Gilster-Mary Lee Corporation is a For Profit corporation domiciled in the State of Missouri. Its registered agent of service is: Mr. Michael W. Welge, 520 St. Mary's Road, Perryville, MO 63775.

18.     Ulloas Transport, LLC, is a corporation domiciled in the State of Texas. Its registered agent of service is: Lenier Ulloa, 14738 Beltrerraza Drive, Houston, TX 77083.

19.     Pursuant to Ark. Code Ann. § 16-58-121, known as the Non-Resident Motorist Act, the out-of-state defendants may be served by delivering via statutory overnight delivery a copy of the Summons and Complaint to their address with a copy of the process being delivered to the Arkansas Secretary of State's office at 500 Woodlane Street, Suite 256, Little Rock, AR 72201-1094, along with the required payment of $25 per defendant and statutorily required notice.

### III. STATEMENT OF THE CASE

20.     On Wednesday, June 8, 2022, at approximately 12:25 p.m., George Thomas Adamson, III ("Adamson"), was operating a 1995 Dodge 3500 Ram pickup truck with a gooseneck trailer containing insulation traveling westbound in the outside lane of Interstate 30 in Hot Spring County, Arkansas. A heavy rainstorm had just ended leaving rainwater standing on the roadway. Suddenly and without warning, traffic immediately in front of him stopped, causing multiple collisions caused by the defendants. A passenger vehicle in front of Adamson's pickup truck swerved onto the shoulder leaving Mr. Adamson no room to avoid a collision with the forward vehicle. Mr. Adamson had visited with the family in the passenger

4

vehicle earlier when they stopped for fuel in Benton, Arkansas, and knew children were in the SUV. Mr. Adamson swerved to the right of the SUV, which took his pickup onto the grass. Mr. Adamson was unable to steer his vehicle due to the mud and wet conditions caused by the rain. The front of Mr. Adamson's pickup truck struck a tree, causing him and his canine companion, Champ, to sustain fatal injuries. Mr. Adamson's son, George Thomas Adamson, IV ("Thomas"), was traveling immediately behind his father's pickup truck. Thomas was also forced to swerve and go off the roadway to avoid the collision. Thomas went to give his father aid and immediately recognized that his father was deceased. Thomas then went to help extricate members of a family from their vehicle by getting them out of their personal vehicle through the sunroof.

## IV. NEGLIGENCE

20.     Ramon Evangelista was employed Melton Truck Lines, Inc., and was operating within the scope of his employment at all times relevant to this cause of action. Melton Truck Lines, Inc., is legally liable for all damage caused by Ramon Evangelista under the doctrine of *respondeat superior*.

21.     Ramon Evangelista was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner

5

and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

22.     All acts of negligence of Ramon Evangelista are imputed to the separate defendant Melton Truck Lines, Inc., as a matter of law.

23.     Zoran Halilovic was employed Red Line Logistics Inc. and was operating within the scope of his employment at all relevant times relevant to this cause of action. Red Line Logistics Inc. is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

24.     Zoran Halilovic was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

25.     All acts of negligence of Zoran Halilovic are imputed to the separate defendant Red Line Logistics Inc. as a matter of law.

26.     Antwane D. Parks was employed Colonial Freight Systems, Inc., and was operating within the scope of his employment at all relevant times relevant to this cause of action. Colonial Freight Systems, Inc., is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

27.     Antwane D. Parks was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

28.     All acts of negligence of Antwane D. Parks are imputed to the separate defendant Colonial Freight Systems, Inc., as a matter of law.

29.     David Berumen was employed Glide Logistics Inc. and was operating within the scope of his employment at all relevant times relevant to this cause of action. Glide Logistics Inc. is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

30.     David Berumen was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

31.     All acts of negligence of David Berumen are imputed to the separate defendant Glide Logistics Inc. as a matter of law.

32.     Michael A. Schofner, Jr., was employed 4D Transportation, Inc., and was operating within the scope of his employment at all relevant times relevant to this cause of action. 4D Transportation, Inc., is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

33.     Michael A. Schofner, Jr., was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)   In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)   Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

34.   All acts of negligence of Michael A. Schofner, Jr., are imputed to the separate defendant 4D Transportation, Inc.,  as a matter of law.

35.   Fernando Hernandez was employed Ryder Truck Rental, Inc., and was operating within the scope of his employment at all relevant times relevant to this cause of action. Ryder Truck Rental, Inc., is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

36.   Fernando Hernandez was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)   In failing to keep the vehicle he was driving under proper control;

(b)   In failing to exercise ordinary care for his own safety and for the safety of others;

(c)   In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)   In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)   Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

37.     All acts of negligence of Fernando Hernandez are imputed to the separate defendant Ryder Truck Rental, Inc., as a matter of law.

38.     Harjit Singh was employed by S&S Logistics LLC and was operating within the scope of his employment at all relevant times relevant to this cause of action. S&S Logistics LLC is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

39.     Harjit Singh was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

40.     All acts of negligence of Harjit Singh are imputed to the separate defendant S&S Logistics LLC as a matter of law.

41.     Horace L. Butcher, Jr., was a commercial driver operating a 2004 Freightliner. Horace L. Butcher, Jr., was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)    In failing to exercise ordinary care for his own safety and for the safety of others;

(c)    In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)    In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)    Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

42.    Mr. Butcher died as the result of injuries he sustained in the collision, which is the subject of this litigation.

43.    Sunnie Michelle Butcher was appointed Special Administratrix of the Estate of Horace L. Butcher, Jr., deceased.

44.    Oscar Gonzales was an independent commercial driver operating a 2012 Kenworth tractor trailer rig at the time of the occurrence.

45.    Oscar Gonzales was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)    In failing to keep the vehicle he was driving under proper control;

(b)    In failing to exercise ordinary care for his own safety and for the safety of others;

(c)    In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)    In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner

and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)    Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

46.    Teresa Rejterada was employed Sonic Trans, Inc., and was operating within the scope of her employment at all relevant times relevant to this cause of action. Sonic Trans, Inc., is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

47.    Teresa Rejterada was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)    In failing to keep the vehicle she was driving under proper control;

(b)    In failing to exercise ordinary care for her own safety and for the safety of others;

(c)    In driving her tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)    In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)    Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

48.    All acts of negligence of Teresa Rejterada are imputed to the separate defendant Sonic Trans, Inc.,  as a matter of law.

49.    Ramon Somoza was employed Munir Trucking & Transport, Incorporated, and was operating within the scope of his employment at all relevant times relevant to this cause

of action. Munir Trucking & Transport, Incorporated, is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

50.    Ramon Somoza was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)    In failing to keep the vehicle he was driving under proper control;

(b)    In failing to exercise ordinary care for his own safety and for the safety of others;

(c)    In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)    In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)    Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

51.    All acts of negligence of Ramon Somoza are imputed to the separate defendant Munir Trucking & Transport, Incorporated, as a matter of law.

52.    Fitzgerald Kennedy Fredericks, Jr., was employed RR Trans System Inc. and was operating within the scope of his employment at all relevant times relevant to this cause of action. RR Trans Systems Inc. is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

53.    Fitzgerald Kennedy Fredericks, Jr., was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)    In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

54.     All acts of negligence of Fitzgerald Kennedy Fredericks, Jr., are imputed to the separate defendant RR Trans Systems Inc. as a matter of law.

55.     Oved Mendoza was employed Impavid Truck Lines LLC and was operating within the scope of his employment at all relevant times relevant to this cause of action. Impavid Truck Lines LLC is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

56.     Oved Mendoza was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner

14

and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

57.     All acts of negligence of Oved Mendoza are imputed to the separate defendant Impavid Truck Lines LLC as a matter of law.

58.     Charles Elmer Hoehn and Michael Leo Regelsperger were employed by Gilster-Mary Lee Corporation and were operating within the scope of their employment at all relevant times relevant to this cause of action. Gilster-Mary Lee Corporation is legally liable for all damage caused by its employees under the doctrine of *respondeat superior*.

59.     Charles Elmer Hoehn and Michael Leo Regelsperger were negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a) In failing to keep the tractor trailer rigs  they were driving under proper control;

(b)     In failing to exercise ordinary care for their own safety and for the safety of others;

(c)     In driving their tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

60.     All acts of negligence of Charles Elmer Hoehn and Michael Leo Regelsperger are imputed to the separate defendant Gilster-Mary Lee Corporation as a matter of law.

61.     Lenier Ulloa Olivera was employed Ulloas Transport, LLC, and was operating within the scope of his employment at all relevant times relevant to this cause of action. Ulloas Transport, LLC, is legally liable for all damage caused by its employee under the doctrine of *respondeat superior*.

62.     Lenier Ulloa was negligent, which was a proximate cause of the above-described collision, in the following particulars:

(a)     In failing to keep the vehicle he was driving under proper control;

(b)     In failing to exercise ordinary care for his own safety and for the safety of others;

(c)     In driving his tractor-trailer rig in a careless and reckless manner, which is a violation of Arkansas Statutory and common law;

(d)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(e)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

63.     All acts of negligence of Lenier Ulloa are imputed to the separate defendant Ulloas Transport, LLC, as a matter of law.

64.     The defendants and/or their drivers were negligent, which was a proximate cause of the above-described vehicle collisions in the following particulars:

(a)     in failing to keep the vehicle they were driving under proper control;

(b)     in failing to exercise ordinary care for their own safety and for the safety of others using the highway;

(c)     in driving in a careless and reckless manner, which is a violation of Arkansas statutory and common law;

(d)     in failing to keep proper lookout;

(e)     in failing to keep their tractor trailer rig under control;

(f)     in failing to use ordinary care under the circumstances;

(g)     in operating their tractor trailer rig in a reckless manner contrary to Ark. Code Ann. § 27-50-308 and contrary to Ark. Code Ann. § 27-51-104(b)(a);

(h)     In violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate a tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se*; and

(i)     Otherwise failing to act as a reasonable professional commercial driver should under the circumstances.

## V. CAUSATION

65.     The negligent acts on the part of the defendants, jointly and severally, were a proximate cause of the wrongful death of George Thomas Adamson, III, and damages sustained by Tammy Marie Wall, Special Administratrix of the Estate of George Adamson, III, deceased, as more specifically described herein.

## VI. DAMAGES

66.    The plaintiff, Tammy Marie Wall, Special Administratrix of the Estate of George Thomas Adamson, III, deceased, claims she is entitled to recover for the following damages, all of which were proximately caused by the negligence of the defendants, jointly and severally:

(a)    All elements of damages under the Arkansas Wrongful Death Statute, including the element of "Loss of Life" to which the Estate and all statutory beneficiaries are legally entitled to receive, which are codified at Ark. Code Ann. § 16-62-102;

(b)    Compensatory damages for any pain and suffering experienced by George Thomas Adamson, III, from the time of the impact until his death;

(c)    Compensatory damages for the value of the Dodge Ram pickup truck and the trailer that were totaled in the collision, along with reasonable storage fees for the vehicle; and

(d)    The reasonable expenses for funeral services and the cost of a headstone.

67.    The plaintiff's total compensatory damages, as shall be proven by the evidence, are in excess of the amount required for federal jurisdiction in diversity actions.

## VII.  JURY DEMAND

68.    The plaintiff requests a trial by jury pursuant to Rule 38 of the Arkansas Rules of Civil Procedure and as guaranteed by the U.S. Constitution.

**WHEREFORE**, the plaintiff, Tammy Marie Wall, Special Administratrix of the Estate of George Thomas Adamson, III, deceased, prays that she have a judgment against the defendants, jointly and severally, for a sum to be determined by a jury; for costs; post-judgment interest; and for all other necessary and proper relief to which the estate may be entitled.

Respectfully Submitted,

Jackson Law Firm
700 West Broadway Street, Suite 200
North Little Rock, AR 72114-5528
Phone:      (501) 823-3610
Facsimile:  (501) 823-3611
E-Mail: *Jim@JimJacksonAtty.com*

BY: _____

Jim R. Jackson
Arkansas Bar No. 93209